# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank,**

    Plaintiff,

    v.

**ESTHER ECHEVARRIA CRESPO,**

    Defendant.

Civil No. 15-2135 (ADC)

## OPINION & ORDER

Plaintiff Federal Deposit Insurance Corporation, in its capacity as receiver for Doral Bank ("FDIC-R"), has moved the Court to dismiss the counterclaims brought forth by defendant Esther Echevarría Crespo ("defendant"). **ECF No. 10.** Defendant has not filed an opposition to FDIC-R's motion to dismiss, thereby waiving any objection to it. *See* L. Civ. R. 7(b). For the reasons explained below, FDIC-R's motion to dismiss, **ECF No. 10**, is **GRANTED**.

### I. Background

On April 8, 2014, Doral Bank filed a mortgage-foreclosure action against defendant in the Puerto Rico Court of First Instance, San Juan Superior Part. **ECF No. 8-1** at 1-4. Defendant answered the complaint and filed a counterclaim against Doral Bank on August 13, 2014, alleging that defendant suffered an involuntary loss of income due to Puerto Rico's fiscal crisis, which affected defendant economically. *Id.* at 5-17. She further alleged that Doral Bank failed its

fiduciary duty by not complying with the Home Affordable Modification Program (HAMP) and the Home Affordable Refinance Program (HARP), thus breaching federal and Puerto Rico laws on loss-mitigation procedures for mortgage loans. *Id.* Defendant requested compensation for the damages allegedly suffered because of Doral Bank's actions. *Id*.

On February 27, 2015, while this action was still pending, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral Bank and appointed the FDIC as receiver (FDIC-R). **ECF Nos. 1** at 1, **10-1** at 2. As receiver, the FDIC-R took over all of Doral Bank's rights, titles, and interests in the assets pursuant to 12 U.S.C. § 1821(d). *Id*.

Once the FDIC-R took over as receiver, it published notice to all Doral Bank creditors in various local newspapers. **ECF No. 10-1** at 2. The aforementioned notice informed the customers of the receivership and advised them that the time to submit any administrative claims for recovery against the FDIC-R for the actions of Doral Bank would expire on June 4, 2015. On May 14, 2015, the FDIC-R also mailed to the defendant an individual Notice to Discovered Claimant to Present Proof of Claim, as well as a Proof of Claim Form. **ECF No. 10-2** at 3-9. Defendant did not file a Proof of Claim Form. **ECF No. 10-1** at 2.

On August 19, 2015, the FDIC-R removed this action to federal court under 12 U.S.C § 1819(b)(2)(B). **ECF No. 1**. Once the case was removed, the FDIC-R filed a Motion for Temporary Waiver and Stay of Local Rule 5(g), requesting leave to file relevant documents in Spanish and wishing to wait "until such a time, if any, when the administrative requirements under FIRREA[1]

---

[1] Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821, et seq.

are timely exhausted by the claimants and this court acquires subject-matter jurisdiction over the claim**." ECF No. 3** at 7. On July 16, 2015, the Court denied the FDIC-R's Motion for Temporary Waiver and Stay of Local Rule 5(g), and requested that a status report be filed, which the FDIC-R submitted on October 6, 2015. **ECF Nos. 4, 6**.

On October 3, 2016, the FDIC-R moved the Court to dismiss defendant's counterclaims with prejudice for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12 (b)(1). **ECF No. 10**. In essence, the FDIC-R argues that the current action must be dismissed with prejudice because defendant failed to file a Proof of Claim Form, which she was required to do within ninety (90) days from the FDIC-R's Notice to Discovered Claimant to Present Proof of Claim, pursuant to U.S.C. § 1821 (d)(13)(D) and (d)(5)(C)(i).

## II.   Legal Standard

Federal courts are courts of limited jurisdiction, and the party asserting jurisdiction has the burden of demonstrating its existence. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). "Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of federal subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). When a district court is considering a motion to dismiss, it "must construe the complaint liberally, treating all

well pleaded facts as true and drawing all reasonable inferences in favor of the Petitioners." *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir. 1998) (citing *Royal v. Leading Edge Prods.*, Inc., 833 F.2d 1 (1st Cir. 1987)). In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court may look beyond the complaint and the motion to dismiss, and consider extrinsic materials. *Dynamic Image Technologies, Inc. v. U.S.*, 221 F.3d 34, 37 (1st Cir. 2000).

**III. Discussion**

"FIRREA gives the FDIC authority to act as receiver or conservator for failed institutions." *Acosta-Ramírez*, 712 F.3d 14 at 18 (citation omitted). When the FDIC acts as a conservator or receiver, it takes over the insured depository institution in all of its rights, titles, powers, privileges and assets. 12 U.S.C. § 1821(d)(2)(A)(i). FIRREA also establishes a mandatory statutory claims process, "designed to create an efficient administrative protocol for processing claims against failed banks." *Acosta-Ramírez*, 712 F.3d at 19. The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. *Rodríguez v. F.D.I.C.*, No. 10-1656, 2011 WL 4529929 at *3 (D.P.R. Sept. 27, 2011). It is mandatory to exhaust this administrative process, and a plaintiff's failure to comply with its terms deprives a court of subject matter jurisdiction. *Acosta-Ramírez*, 712 F.3d at 19.

The statutory claims regime has three steps with specific deadlines for each:

FIRREA's statutory claims process requires the FDIC, upon appointment as receiver, to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, which must be at least ninety days after

> publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(i). If a claim is filed, the FDIC has 180 days to determine whether to approve or disallow the claim. Id. § 1821(d)(5)(A)(i). Claimants then have sixty days from the date of disallowance or from the expiration of the 180–day administrative decision deadline to seek judicial review in an appropriate federal district court (or to seek administrative review). Id. § 1821(d)(6)(A).

*Acosta-Ramírez*, 712 F.3d at 19.

In the instant case, the FDIC-R sent a notice to defendant on May 14, 2015, informing her that it had been appointed receiver of Doral Bank. **ECF No. 10-2**. Once the defendant received notice of receivership which the FDIC-R sent her, along with a Proof of Claim Form, defendant had ninety (90) days to file her Proof of Claim Form before the FDIC-R. To this day, defendant has not filed a Proof of Claim. Accordingly, under FIRREA, the Court must dismiss defendant's claim against the FDIC-R. Inasmuch as the FDIC-R met its obligations regarding publication and the mailing of notice of receivership to defendant, she lost the right to assert her claim in court once she failed to submit a Proof of Claim Form by the deadline indicated in the notice. *Marquis v. FDIC-R*, 965 F.2d 1148, 1151 (1st Cir. 1992).

In short, by not filing a Proof of Claim Form before the FDIC-R, defendant failed to comply with the administrative procedure established in 12 U.S.C. § 1821, for which the Court lacks subject-matter jurisdiction to consider defendant's claim against the FDIC-R. *See* 12 U.S.C. 1821(d)(13)(D); *F.D.I.C. v. Estrada-Colón*, 848 F. Supp. 2d 206, 213 (D.P.R. 2012); *F.D.I.C.. v. Estrada-Rivera*, 813 F. Supp. 2d 265, 270 (D.P.R. 2011), aff'd on other grounds, *F.D.I.C. v. Estrada-Rivera*, 722 F.3d 50 (1st Cir. 2013).

## IV. Conclusion

Given all of the above, the FDIC-R's motion to dismiss defendants' counterclaims, **ECF No. 10**, is **GRANTED**. The counterclaims are hereby **DISMISSED WITH PREJUDICE**. Clerk of the Court is to enter judgement accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 14th day of July, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**